**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No. 7:26-cv-08340

FILED
U.S. DISTRICT COURT
2023 OCT 14 PM 1:06
S.D. OF N.Y.W.P.

Prakash Tewari

Plaintiff,

**Vs.**

Victor Bultó, President US unit Novartis Corporation,
Natalia Sandoval, Associate Director, US Retirement Plans, Novartis Corporation,
Alyssa Newton, Head, Benefits & Corp Health, Novartis Corporation.

Defendants.

---

# MOTION TO REMAND

Plaintiff, Prakash Tewari, respectfully moves this court for an order remanding this action to SUPREME OF THE STATE OF NEW YORK. COUNTY OF PUTNAM, from which it was improperly removed.

Pending before the court is the Notice of Removal filed by Defendants, Victor Bultó, President US unit Novartis Corporation, Natalia Sandoval, Associate Director, US Retirement Plans, Novartis Corporation, Alyssa Newton, Head, Benefits & Corp Health, Novartis Corporation, in the above-styled case 7:26-cv-08340. Because the Court lacks subject matter jurisdiction over this case, Plaintiff requests that the court remand it back to the Supreme Court of the State of New York, County of Putnam.

Remand is appropriate for the reason discussed below in support of Plaintiff's Motion to Remand:

1. The above case is under purview of Hon. Justice Gina C. Capone in the Supreme Court of the State of New York, County of Putnam (**Index # 0187/2026**)

Therefore, wrongful notation in the Notice of Removal that corporate employees should not be named is not correct.

7. Another false notation was made in the Notice of Removal that "Defendant Alyssa Newton has not received a copy of the complaint by certified mail or otherwise from Plaintiff". A certified mail (tracking # 9590940201276110915955) was received in her office by the same person who received certified mail of other two Defendants and the same person signed the certified mail acknowledgement receipt (tracking # 9590940201276110915955). I have all three acknowledgement receipts with Novartis employee's signature and post office stamp in my possession. This is not the first time that she ignored my mail that required her attention. If needed, I can provide more examples of this behavior of delay tactics.

WHEREFORE, Plaintiff respectfully requests to deny removal of this case from the Supreme Court of the State of New York, County of Putnam to the US District Court for the Southern District of New York. And further requests to Grant the Motion to Remand, and Remand this case back to the Supreme Court of the State of New York, County of Putnam.

Respectfully submitted this 11th day of October 2026.

Respectfully submitted,

Defendants are to respond to this Motion by 11/16/26. The Clerk is respectfully directed to mail this document to Plaintiff.

So Ordered.

10/16/26

Prakash Tewari

991 Stoneleigh Avenue
Carmel, NY 10512
Phone: 845-661-6157
Email: prakashtewari@email.com

## CERTIFICATE OF SERVICE

I Hereby certify that on October 11, 2026, a hard copy of the foregoing Motion to Remand was filed with the clerk of this Court, and true and correct copies of same were served to the Defendants and their attorney via email at the following address:

Victor Bultó, President US unit Novartis Corporation,
Natalia Sandoval, Associate Director, US Retirement Plans, Novartis Corporation, email: natalia.sandoval@novartis.com
Alyssa Newton, Head, Benefits & Corp Health, Novartis Corporation, email: alyssa.newton@novartis.com
One Health Plaza, East Hanover, NJ 07936-1080

Attorney Kimberley E. Lunetta, Vedder, 1633 Broadway, 31st Floor, New York, New York 10019email: KLunetta@vedder.com

By: PTewari

Prakash Tewari

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRAKASH TEWARI,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR BULTÓ, PRESIDENT US UNIT NOVARTIS CORPORATION, NATALIA SANDOVAL, ASSOCIATE DIRECTOR, US RETIREMENT PLANS, NOVARTIS CORPORATION, ALYSSA NEWTON, HEAD, BENEFITS & CORP HEALTH, NOVARTIS CORPORATION,<br><br>Defendants. | Case No. ______________ |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** Defendants Victor Bultó, President US Unit, Novartis Corporation, Natalia Sandoval, Associate Director, US Retirement Plans, Novartis Corporation, Alyssa Newton, Head, Benefits & Corp Health, Novartis Corporation (collectively, "Defendants")[1], submit this Notice of Removal of the above-entitled action from the Supreme Court of the State of New York, County of Putnam, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and state as follows:

1. This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a) and which may be removed to this Court pursuant to 28 U.S.C.

[1] It is unclear whether Plaintiff intended to name any corporate entity as a defendant in addition to the individually named Defendants. To the extent Plaintiff's Complaint is construed as naming "Novartis Corporation" as a defendant, Defendants do not waive, and expressly reserve, all rights, defenses, and objections concerning the identification and naming of the proper parties, joinder, service of process, and the sufficiency of Plaintiff's claims against any purported corporate defendant.

§ 1441(a) because it arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Specifically, Plaintiff is a "participant" as defined in Section 3(7) of ERISA, 29 U.S.C. Section 1002(7), in the Pension Plan for Salaried Employees of Novartis Corporation (the "Pension Plan"), which is an "employee pension benefit plan" as defined in Section 3(2)(A) of ERISA, 29 U.S.C. Section 1002(2)(A). Plaintiff is currently receiving monthly pension benefits from the Pension Plan and is seeking to receive additional pension benefits under the Pension Plan. *See* **Exhibit 1, Declaration of Alyssa Newton in Support of Defendants' Notice of Removal, ¶3**. Accordingly, Plaintiff's claim for additional pension benefits under the Pension Plan arises under ERISA.

## PROCEDURAL HISTORY

2. On September 8, 2026, Plaintiff Prakash Tewari ("Plaintiff") filed his Notice of Petition ("Complaint") in the Supreme Court of the State of New York, Putnam County, captioned: "*Prakash Tewari Against Victor Bultó, President US unit Novartis Corporation, Natalia Sandoval, Associate Director, US Retirement Plans, Novartis Corporation, and Alyssa Newton, Head, Benefits & Corp Health, Novartis Corporation*," Index No. 1827/2026 ("State Court Action"). A true and correct copy of the Complaint is attached as **Exhibit 2**.

3. On September 15, 2026, Defendants Victor Bultó and Natalia Sandoval received copies of the Complaint via certified mail. A true and correct copy of the certified mail envelopes are attached as **Exhibit 3**.[2]

[2] Defendants Victor Bultó and Natalia Sandoval confirm only that they received a copy of the Complaint by certified mail; they do not concede that such delivery constituted proper service, nor do they waive any objection to service. Defendant Alyssa Newton has not received a copy of the Complaint by certified mail or otherwise from Plaintiff. Accordingly, Defendants do not concede that service has been properly effectuated as to any Defendant. Nevertheless, out of an abundance of caution and to preserve their removal rights, Defendants timely remove this action to avoid any potential expiration of the applicable removal period. By doing so, Defendants do not waive, and expressly reserve, all rights, defenses, and objections relating to the sufficiency or propriety of service.

4. Defendants have not answered or otherwise responded to the Complaint, and Defendants are not aware of any further proceedings that have occurred in the State Court Action to date. A copy of the docket for the State Court Action is attached as **Exhibit 4**.

5. Pursuant to 28 U.S.C. § 1446(a), Exhibits 2, 3, and 4 comprise all the "process, pleadings, and orders" in the State Court Action of which Defendants are aware at the time of filing.

6. Upon the filing of this Notice of Removal, Defendants will immediately submit to the Clerk of the Supreme Court of the State of New York, Putnam County, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d) and will give written notice thereof to all adverse parties. A copy of the Notice of Filing of Notice of Removal to be filed in the Supreme Court of the State of New York is attached as **Exhibit 5**.

**<u>REMOVAL IS TIMELY</u>**

7. Section 1446(b) requires that a defendant remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

8. This Notice of Removal is timely filed with this District Court, as it is being filed within thirty (30) days after receipt of the Complaint by Defendants Victor Bultó and Natalia Sandoval on September 15, 2026, via certified mail, which is the document that provides the basis for removal. No previous application for removal has been made.

**<u>VENUE IS PROPER</u>**

9. Venue is proper under 28 U.S.C. § 1441(a), because the State Court Action is pending in the Supreme Court of the State of New York, for the County of Putnam, which is located within the Southern District of New York. 28 U.S.C. § 112(b).

## JURISDICTION IS PROPER

10. Federal question jurisdiction exists in a civil matter when the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A matter arises under federal law within the meaning of § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

11. The civil enforcement provisions of ERISA provide the exclusive federal cause of action for lawsuits to recover benefits under an ERISA plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). ERISA's civil enforcement mechanism has "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Aetna Health Ins. Co. v. Davila*, 542 U.S. 200, 209 (2004) (internal quotation marks omitted). Thus, Congress granted exclusive jurisdiction for actions brought under 29 U.S.C. § 1132(a) to recover benefits due under the terms of an ERISA plan or to enforce rights under an ERISA plan. 29 U.S.C. § 1132(e)(1).

12. As alleged in the Complaint, Plaintiff asserts federal claims under ERISA by alleging that Plaintiff is "eligible for full pension" and seeks Defendants "to restore the monthly pension" that Defendants have allegedly denied and failed to pay Plaintiff. (Compl. ¶¶ 1, 8-10 and Prayer for Relief.)

13. Plaintiff's claims fall squarely within ERISA's purview and are completely preempted by ERISA, because the Complaint's allegations seek recovery of benefits allegedly due to Plaintiff under the terms of a company-sponsored pension plan and/or necessarily require

interpretation and application of the terms of an employee benefit plan governed by ERISA.[3] Specifically, Plaintiff alleges that Defendants have denied and refused to pay him a monthly pension benefit to which he contends he is entitled under the terms of a company-sponsored pension plan. (Compl. ¶¶ 1, 8-10 and Prayer for Relief.) Accordingly, resolution of Plaintiff's claims necessarily turns on the existence, terms, and administration of the applicable pension plan, including whether Plaintiff is entitled to the pension benefits he seeks to recover.

14. In sum, this Court has original jurisdiction over this civil action based on federal question jurisdiction, because the claims raised are governed and completely preempted by ERISA, a federal law.

15. Defendants reserve the right to submit additional information and/or evidence in support of this Notice of Removal and/or to amend or supplement this Notice of Removal.

16. Defendants further reserve all rights, defenses, and/or claims, including, but not limited to, objections as to jurisdiction and the right to move to dismiss the Complaint for, among other things, failure to state a claim for relief. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

WHEREFORE, Defendants respectfully request this Court to assume jurisdiction over the cause herein and remove this civil action from the Supreme Court of the State of New York, County of Putnam, to the United States District Court for the Southern District of New York.

RESPECTFULLY SUBMITTED this 24th day of September, 2026.

---

[3] Plaintiff does not explicitly delineate specific causes of action in the Complaint. To the extent Plaintiff's allegations in the Complaint are interpreted as including state law claims, this Court has supplemental jurisdiction over any state law claims in the Complaint pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy regarding Plaintiff's ERISA claims. 28 U.S.C. § 1367(a); 28 U.S.C. § 1144(a). All allegations in the Complaint relate to or arose in connection with alleged violations of Defendants and their purported lack of pension payment. That is, any claims asserted in the Complaint arise from the same nucleus of operative facts—dispute over Plaintiff's pension payments, or lack thereof, from Defendants. Thus, even if pleaded under state law, Plaintiff's claims seek relief that falls within ERISA's civil enforcement framework, are completely preempted by ERISA, and are removable to federal court.

Dated: September 24, 2026

Respectfully submitted,

VEDDER PRICE P.C.

By: */s/ Kimberley E. Lunetta*
Kimberley E. Lunetta
1633 Broadway, 31st Fl.
New York, NY 10019
Phone: (212) 407-7700
Email: klunetta@vedder.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 24, 2026, the foregoing Notice of Removal was filed with the Clerk of this Court via CM/ECF and that true and correct copies of same were served upon *pro se* Plaintiff via FedEx at the following address listed in the Complaint:

Prakash Tewari (*Pro Se*)
991 Stoneleigh Avenue
Carmel, NY 10512

By: */s/ Kimberley E. Lunetta*
Kimberley E. Lunetta

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRAKASH TEWARI,

Plaintiff,

v.

VICTOR BULTÓ, PRESIDENT US UNIT NOVARTIS CORPORATION, NATALIA SANDOVAL, ASSOCIATE DIRECTOR, US RETIREMENT PLANS, NOVARTIS CORPORATION, ALYSSA NEWTON, HEAD, BENEFITS & CORP HEALTH, NOVARTIS CORPORATION,

Defendants.

Case No. ______________

**DECLARATION OF ALYSSA NEWTON IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

I, Alyssa Newton , declare as follows:

1. I make this declaration in support of the Notice of Removal filed by Defendants Victor Bultó, President US Unit, Novartis Corporation, Natalia Sandoval, Associate Director, US Retirement Plans, Novartis Corporation, Alyssa Newton, Head, Benefits & Corporate Health, Novartis Corporation (collectively, "Defendants"). I am over the age of 18. I make this declaration based on my own personal knowledge and review of files and documents maintained in the ordinary course of Defendant's business, as well as publicly available information. Among the documents I reviewed before signing this declaration are personnel records related to Plaintiff Prakash Tewari's ("Tewari" or "Plaintiff") employment with Defendant, Novartis Corporation ("Novartis"). If called as a witness, I could and would testify truthfully to the facts stated herein.

2. I am Head of Benefits and Corporate Health for Novartis. Novartis' executive offices are located at One Health Plaza, East Hanover, NJ 07936.

3. In my role as Head of Benefits and Corporate Health, I am familiar with the personnel records related to employee benefits maintained by Novartis. I have reviewed Plaintiff's personnel and employee benefit records. Tewari is a "participant" as defined in Section 3(7) of ERISA, 29 U.S.C. Section 1002(7), in the Pension Plan for Salaried Employees of Novartis Corporation (the "Pension Plan"), which is an "employee pension benefit plan" as defined in Section 3(2)(A) of ERISA, 29 U.S.C. Section 1002(2)(A). Plaintiff is currently receiving monthly pension benefits from the Pension Plan and in this lawsuit he is seeking to receive additional pension benefits under the Pension Plan.

I declare under penalty of perjury under the laws of the United States of America and the State of New Jersey that the foregoing is true and correct. Executed on September 23.00, 2026.

East Hanover, New Jersey.

DocuSigned by:
Alyssa Newton
8E8B8B976D6941B...
Alyssa Newton